## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

FLOR I. ARRIAZA DE PAREDES
5902 Aly Road
Temple Hills, Maryland 20748

Civil Action No.: 20-2432

FRANCISCO HERNAN TEJADA LOPEZ
5902 Aly Road
Temple Hills, Maryland 20748

    *Plaintiffs*,
     v.

ZEN NAILS STUDIO LLC
6185 Oxon Hill Road
Oxon Hills, Maryland 20745

SERVE: Rhonda Roach, Resident Agent
       5801 Allentown Road
       Suite 303
       Suitland, Maryland 20746

PHONZ NGUYEN
a/k/a DUNG NEN CHAY KHACH
7238 Farr Street
Annandale, Virginia 22003

LINH NGUYEN
a/k/a NEN GIU KHACH HAI LONG
7238 Farr Street
Annandale, Virginia 22003

    *Defendants*.

### COMPLAINT

Plaintiffs, Flor I. Arriaza De Paredes ("Plaintiff De Paredes") and Francisco Hernan Tejada Lopez ("Plaintiff Lopez") bring this action against Defendants, Zen Nails Studio LLC ("Zen"), Phonz Nguyen, and Linh Nguyen (collectively the "Defendants"), for violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Maryland

Wage and Hour Law ("MWHL"), Md. Code Ann., Labor & Empl. Art. §§ 3-415 and 3-427. In support, Plaintiffs state as follows:

## THE PARTIES

1.      Plaintiff De Paredes is an adult resident of Prince George's County, Maryland, and was employed by Defendants as a cleaning person from in or around April 2017 to July 18, 2020, when she was terminated.

2.      Plaintiff Lopez is an adult resident of Prince George's County, Maryland, and was employed by Defendants as a cleaning person from in or around August 2017 to July 18, 2020, when he was terminated

3.      Zen is a limited liability company organized under the laws of the State of Maryland which operates a nail salon in Prince George's County, Maryland and serves clients from the District of Columbia, Maryland and Virginia. Zen was Plaintiffs' "employer" as that term is defined within the FLSA and the MWHL, because, through its agents, owners, officers and/or members, it employed the Plaintiffs directly, hired them, set their rates of pay, signed their checks, set the terms and conditions of their employment, set their schedule, directed them in the performance of their work, maintained employment records for Plaintiffs, disciplined them, and paid them their wages. At all times relevant to this Complaint, Zen was an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as it either alone, or collectively, had: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

4.      Phonz Nguyen is an owner, and/or member, and/or, manager of Zen. He is an employer of Plaintiffs within the meaning of the FLSA and the MWHL because he: (1) is an owner, and/or member, and/or, manager of Zen and has functional and operational control over its day-to-day affairs and is significantly involved in its operations; (2) controlled the corporate funds which were used to pay Plaintiffs and other employees and could allocate funds as profits; (3) controlled the terms and conditions of Plaintiffs' employment, including setting Plaintiffs' rate of pay and actually paying Plaintiffs by handing them their checks and cash payments each pay period; (4) made decisions about how many hours Plaintiffs were paid for and when they were paid; (5) set the Plaintiffs' work schedule and directed Plaintiffs in the performance of their work; (6) provided Plaintiffs with the tools and materials necessary to do their work; (7) maintained employment records; (8) could discipline the Plaintiffs; and (9) had authority to hire and fire Plaintiffs and did in fact hire Plaintiff Lopez.

5.      Linh Nguyen is an owner, and/or member, and/or, manager of Zen. She is an employer of Plaintiffs within the meaning of the FLSA and the MWHL because she: (1) is an owner, and/or member, and/or, manager of Zen and has functional and operational control over its day-to-day affairs and is significantly involved in its operations; (2) controlled the corporate funds which were used to pay Plaintiffs and other employees and could allocate funds as profits; (3) controlled the terms and conditions of Plaintiffs' employment, including being involved in setting Plaintiffs' rates of pay, and supervising and instructing Plaintiffs on the job; (4) made decisions about how many hours Plaintiffs were paid for and when they were paid; (5) set the Plaintiffs' work schedule and directed Plaintiffs in the performance of their work; (6) provided Plaintiffs with the tools and materials necessary to do their work; (7) maintained employment records; (8) could discipline the

Plaintiffs; and (9) had authority to hire and fire Plaintiffs and did in fact hire Plaintiff De Parades and then fired both Plaintiffs.

**JURISDICTION**

6.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' state law claims under 28 U.S.C. § 1367.

7.      This Court has *in personam* jurisdiction over Defendants because they conduct business in the State of Maryland and because all of the events giving rise to these claims occurred in Maryland.

**STATEMENT OF FACTS**

8.      In or around April 2017 Defendants hired Plaintiff De Paredes to work for them as a cleaning person. Her main duties were sweeping and mopping the floors, cleaning the windows, wiping down nail stations, refilling supplies, greeting guests, washing and sanitizing equipment and other similar duties. Defendants promised to pay De Paredes a daily rate of pay (paid on a weekly basis) which ranged from a starting rate of $80.00 per day to $110.00 per day at or near the time she was terminated.

9.      In or around August 2017, Defendants hired Plaintiff Lopez to the position of cleaning person. His duties were similar to Plaintiff De Paredes's duties. Defendants promised to pay Plaintiff Lopez a daily rate of pay (paid on a weekly basis) which ranged from a starting rate of $100.00 per day to $110.00 per day at or near the time he was terminated.

10.     At all times relevant to the Complaint, Plaintiffs worked between 5 and 6 days per week. However, there were times when Zen was short-staffed and Plaintiffs were required to work extra shifts. In those weeks, they worked a total of 7 days.

11.     Plaintiffs regularly and normally worked between 60 and 70 hours per week, which included 20-30 hours of overtime each week. However, Defendants only paid Plaintiffs a daily rate and no overtime premium for the hours they worked each week in excess of 40.

12.     To conceal their illicit wage practices, Defendants paid Plaintiffs a portion (usually half but not always) of their wages in cash and the rest using a company check.

13.     Plaintiffs are not in possession of all applicable records related to their employment. Those records are in the exclusive possession of the Defendants.

### COUNT I
### VIOLATIONS OF THE FLSA
### 29 U.S.C. §§ 201, *et seq.*

14.     Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

15.     At all times relevant to this Complaint, Defendants were Plaintiffs' "employers" within the meaning of the FLSA.

16.     At all times relevant to this Complaint, Plaintiffs were "employees" of the Defendants within the meaning of the FLSA.

17.     Defendants violated the FLSA by knowingly and willfully failing to pay Plaintiffs one and one-half times their regular hourly rate for each hour over 40 that they worked.

18.     Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith and therefore the statute of limitations is three years and Plaintiffs are entitled to liquidated damages.

19.     Defendants are liable to Plaintiffs under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld overtime time wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

**COUNT II**
**VIOLATIONS OF THE MWHL**
**Md. Code Ann. Labor & Empl. Art. § 3-415, *et seq*.**

20.     Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

21.     At all times relevant to this Complaint, Defendants were "employers" of the Plaintiffs within the meaning of the MWHL.

22.     At all times relevant to this Complaint, Plaintiffs were "employees" of the Defendants within the meaning of the MWHL.

23.     At all relevant times, Defendants knowingly, willfully and intentionally violated Plaintiffs' rights under the MWHL by failing to pay Plaintiffs an overtime premium for the hours they worked in excess of 40, and in some weeks, failing to pay Plaintiffs the applicable Maryland minimum wage, which was $9.25 per hour as of July 1, 2017, increasing to $10.10 per hour in July 2018, and then to $11.00 per hour beginning January 1, 2020.

24.     Defendants did not act in good faith in refusing to pay overtime and the applicable minimum wage, entitling Plaintiffs to liquidated damages. The statute of limitations is three years, regardless of whether Defendants acted willfully.

25.     As a result, Defendants are liable to Plaintiffs pursuant to the MWHL for their unpaid and illegally withheld overtime and minimum wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court grant them the following relief:

a)      enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiffs in the amount of each Plaintiff's respective unpaid and illegally withheld overtime wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b)      enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime and minimum wages and an equal sum as liquidated damages; and

c)      award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. § 3-427 (a).

Respectfully submitted,

/s/Suvita Melehy
Suvita Melehy, MD Bar No.: 13068
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Telephone: (301) 587-6364
Facsimile:  (301) 587-6308
Email: smelehy@melehylaw.com
*Attorneys for Plaintiff*s