## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____

FLOR I. ARRIAZA DE PAREDES

FRANCISCO HERNAN TEJADA LOPEZ

     *Plaintiffs,*
     v.

ZEN NAILS STUDIO, LLC

PHONZ NGUYEN
a/k/a DUNG NEN CHAY KHACH

LINH NGUYEN
a/k/a NEN GIU KHACH HAI LONG

     *Defendants.*
_____

Civil Action No.: 20-2432-TDC

## DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, & COUNTERCLAIM

     Defendants Zen Nails Studio, LLC, Phonz Nguyen, and Linh Nguyen (collectively "Defendants"), by and through their counsel Thatcher Law Firm, LLC, hereby submit their Answer to Plaintiffs' Complaint and state as follows:

### THE PARTIES

1. Defendants deny that Plaintiff De Paredes began her employment in or around April 2017. Defendants further deny that Plaintiff De Paredes was terminated. Defendants admit the remaining allegations in Paragraph 1.

2. Defendants deny that Plaintiff Lopez began his employment in or around August 2017. Defendants further deny that Plaintiff Lopez was terminated. Defendants admit the remaining allegations in Paragraph 2.

3. The allegations in Paragraph 3 that Zen Nails Studio, LLC was the Plaintiffs' employer within the meaning of the Fair Labor Standards Act ("FLSA") and the Maryland Wage and Hour Law ("MWHL") state legal conclusions to which no response is required.  Defendants admit the remaining allegations in Paragraph 3

4. The allegations in Paragraph 4 that Phonz Nguyen was an employer of the Plaintiffs within the meaning of the FLSA and MWHL state legal conclusions to which no response is required.  Defendants admit the remaining allegations contained in Paragraph 4.

5. The allegations in Paragraph 5 that Linh Nguyen was an employer of the Plaintiffs within the meaning of the FLSA and MWHL state legal conclusions to which no response is required.  Defendants admit the remaining allegations contained in Paragraph 5.

**JURISDICTION**

6. The allegations contained with Paragraph 6 state legal conclusions to which no response is required.

7. The allegations contained with Paragraph 7 state legal conclusions to which no response is required.

**STATEMENT OF FACTS**

8. Defendants deny that Plaintiff De Paredes was hired in or around April 2017. Defendants deny that Plaintiff De Paredes' duties included greeting guests. Defendants deny that Plaintiff De Paredes' starting rate was $80.00 per day. Defendants deny that Plaintiff De Paredes was terminated.  Defendants admit the remaining allegations contained in Paragraph 8.

9.  Defendants deny that Plaintiff Lopez was hired in or around August 2017. Defendants deny that Plaintiff Lopez' starting rate was $100.00 per day. Defendants further deny that Plaintiff Lopez was terminated.  Defendants admit the remaining allegations contained in Paragraph 9.

10. Defendants deny that the Plaintiffs were required to work extra shifts or that the Plaintiffs ever worked a total of 7 days a week at Zen Nails Studio, LLC.  Defendants admit the remaining allegations contained in Paragraph 10.

11. Defendants deny the allegations contained in Paragraph 11.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants admit the allegations contained in Paragraph 13.

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201, *et seq.*

14. There are no factual allegations in Paragraph 14 that require any response from the Defendants.  Defendants incorporate, by reference, all their foregoing answers and responses to the allegations of the Complaint.

15.  The allegations of Paragraph 15 of the Complaint set forth legal conclusions to which no response is required.

16. The allegations of Paragraph 16 of the Complaint set forth legal conclusions to which no response is required.

17. Defendants deny the allegations contained in Paragraph 17.

18. The allegations of Paragraph 18 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that the applicable statute of limitations is three years and further deny that Plaintiffs are entitled to liquidated damages.

19.  The allegations of Paragraph 19 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants incorporate, by reference, all their foregoing answers and responses to the allegations of the Complaint and deny the allegations contained in Paragraph 19.

## COUNT II
## VIOLATIONS OF THE MWHL
## Md. Code Ann. Labor & Empl. § 3-415, *et seq.*

20. There are no factual allegations in Paragraph 20 that require any response from the Defendants.  Defendants incorporate, by reference, all their foregoing answers and responses to the allegations of the Complaint.

21. The allegations of Paragraph 21 of the Complaint set forth legal conclusions to which no response is required.

22. The allegations of Paragraph 22 of the Complaint set forth legal conclusions to which no response is required.

23. Defendants deny the allegations contained in Paragraph 23.

24. The allegations of Paragraph 24 of the Complaint set forth legal conclusions to which no response is required.  To the extent that an answer is required, Defendants deny that Plaintiffs are entitled to any overtime payments, deny that Defendants failed to pay Plaintiffs the applicable Maryland minimum wage, and deny that Plaintiffs are entitled to liquidated damages.

25. The allegations of Paragraph 25 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants incorporate, by reference, all their foregoing answers and responses to the allegations of the Complaint and deny the allegations contained in Paragraph 25.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Plaintiff's claims for relief are barred by Plaintiffs' failure to mitigate damages, to the extent that there are any.

### Third Defense

Plaintiffs' claims are barred as Defendant has fully complied with the provisions of the FLSA and MWHL.

### Fourth Defense

Plaintiffs are not entitled to recover three years' worth of unpaid wages, to the extent that any exist, under the FLSA because they cannot establish a willful violation of the FLSA.

### Fifth Defense

Plaintiffs' claims are barred to the extent Plaintiffs seek recovery for time that is not compensable time –i.e. "hours worked" –under the FLSA and the MWHL.

### Sixth Defense

Plaintiffs are not entitled to liquidated damages or treble damages under Maryland state law because they cannot establish a willful violation of Maryland law and a *bona fide* dispute exists between the parties.

### Seventh Defense

Defendants acted in good faith and had reasonable grounds to believe they were not violating the FLSA, therefore, liquidated damages should be denied.

## Eighth Defense

Plaintiffs would be unjustly enriched if permitted to recover against Defendants on the claims set forth in the Complaint.

## Tenth Defense

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs are seeking to recover costs or damages that are unreasonable, duplicative, or otherwise inappropriate.

## Eleventh Defense

At all times relevant hereto, Defendants acted in good faith and did not violate any rights which may be secured to Plaintiffs under federal, state. or local laws, rules, regulations, or guidelines.

## Twelfth Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

## Additional Defenses Reserved

Defendants hereby give notice that they may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserve the right to amend their answer to assert any other defenses as become known or available.

## <u>COUNTERCLAIM FOR BREACH OF CONTRACT</u>

1. Defendants and Counter-Plaintiffs Zen Nails Studio, LLC, Phonz Nguyen, and Linh Nguyen brings this Counterclaim for breach of contract against Plaintiff and Counter-Defendant Francisco Hernan Tejada Lopez ("Lopez").

2. On March 19, 2020, Zen Nails Studio, LLC closed in response to the COVID-19 pandemic.  Zen Nails Studio, LLC remained closed until it re-opened on June 20, 2020.

3. In April 2020, Lopez asked Phonz Nguyen for a loan of $5,000 to help Lopez pay rent.  Mr. Nguyen told Lopez that he could not afford to give Lopez a loan that large but could potentially give him a smaller loan.

4. On April 30, 2020, Lopez sent Mr. Nguyen a text message that read: "***Are you still going to help me ? To lend me money? . I understand the economic state that you are going through and everyone.  If you lend me something I will pay you when we start working.***"

5. About one week later, Mr. Nguyen and Lopez entered into a verbal agreement whereby Zen Nails Studio, LLC loaned $1,500 to Lopez in order to assist Lopez pay his rent.  Lopez agreed to pay Zen Nails Studio, LLC back at a rate of $100 per week as soon as Zen Nails Studio, LLC re-opened.

6. In May, Zen Nails Studio, LLC issued two sperate checks to Lopez, signed and delivered by Phonz Nguyen.  One of the checks was for $800 and the other was for $700.  These two checks constituted Zen Nails Studio, LLC's $1,500 loan to Lopez.

7. After Zen Nails Studio, LLC re-opened on June 20,2020, Lopez began to repay the loan at a rate of $100 per week, in accordance with the contract's re-payment

terms.   Lopez re-paid $100 a week to Zen Nails Studio, LLC for the first three weeks of July 2020.

8. On or about July 18, 2020, Lopez voluntarily quit his job at Zen Nails Studio, LLC, at which point he ceased all repayments of his $1,500 loan, in violation of the previously agreed upon re-payment terms between Lopez and Zen Nails Studio, LLC.

9. In total, Lopez only re-paid $300 of his loan from Zen Nails Studio, LLC, and $1,200 of the loan remains outstanding.

WHEREFORE, Defendants and Counter-Plaintiffs Zen Nails Studio, LLC, Phonz Nguyen, and Linh Nguyen demand judgment against Plaintiff and Counter-Defendant Lopez in the amount of One Thousand and Two Hundred Dollars ($1,200.00), plus interest and costs.

Respectfully submitted,

_____/s/_____
Linda Hitt Thatcher, Esq. (Bar No. 05039)
Wayne B. Wiseman, Esq. (Bar No. 17462)

Thatcher Law Firm, LLC
Belle Point Office Park
7849 Belle Point Drive
Greenbelt, Maryland 20770

P (301) 441-1400
F (301) 441-9602

www.thatcherlaw.com

*Counsel for Defendants*

Dated: November 2, 2020