UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FLOR I. ARRIAZA DE PAREDES and
FRANCISCO HERNAN TEJADA LOPEZ,

    Plaintiffs,

v.

ZEN NAILS STUDIO, LLC,
PHONZ NGUYEN and
LINH NGUYEN,

    Defendants.

Civil Action No. TDC-20-2432

**MEMORANDUM OPINION**

Plaintiffs Flor I. Arriaza De Paredes ("De Paredes") and Francisco Hernan Tejada Lopez ("Lopez") filed this action against Defendants Phonz Nguyen, Linh Nguyen, and Zen Nails Studio, LLC in which they alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (2018), and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Labor & Empl. §§ 3-401 to 3-431 (West 2017). Defendants asserted a counterclaim against Lopez for breach of contract relating to an unpaid personal loan. After a five-day bench trial, the Court entered judgment in favor of Plaintiffs on both the FLSA and MWHL claims and awarded damages in the amount of $29,864.36 to De Paredes and $38,327.28 to Lopez. On the breach of contract claim, the Court granted judgment in favor of Defendants for $1,200.00, resulting in a net award to Lopez of $37,127.28. Plaintiffs have now filed a Motion for Attorney's Fees and Costs, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Between 2017 and 2020, Plaintiffs were employed as cleaning staff at Zen Nails Studio, a nail salon in Oxon Hill, Maryland that is owned and operated by Defendants. Plaintiffs alleged that Defendants violated the FLSA and MWHL by failing to pay overtime for hours worked in excess of the statutory weekly limit and violated the MWHL by failing to pay the applicable Maryland minimum wage during certain time periods. Plaintiffs sought damages in the amount of their owed overtime and minimum wages, as well as liquidated damages equivalent to those amounts, which they assessed as totaling $111,946.72. At the conclusion of the bench trial, the Court awarded Plaintiffs a total sum of $66,991.64 in damages.

## DISCUSSION

In the Motion for Attorney's Fees and Costs, Plaintiffs seek an award of attorney's fees and costs pursuant to the FLSA and MWHL, which both permit such an award to a prevailing party. Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The MWHL also contains a fee-shifting provision. Md. Code Ann., Lab. & Empl. § 3–427(d)(1)(iii) ("If a court determines that an employee is entitled to recovery in an action under this section, the court shall award to the employee . . . reasonable counsel fees and other costs."). Plaintiffs have requested $343,189.85 in attorney's fees and $40,300.44 in costs, for a total award of $384,189.85.

### I. Legal Standards

In calculating an award of attorney's fees under the FLSA, a court first "determine[s] the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*,

2

560 F.3d 235, 243 (4th Cir. 2009)). In determining the reasonableness of the hourly rates and hours worked to be used in a lodestar calculation, the United States Court of Appeals for the Fourth Circuit has directed courts to consider the following factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* factors"):

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fee awards in similar cases.

*McAfee*, 738 F.3d at 88 & n.5. A court is not required to conduct a specific analysis of each of the *Johnson* factors if they are considered and addressed more broadly. *See, e.g., Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 836 (D. Md. 2005); *Murrill v. Merritt*, No. 17-2255, 2020 WL 1914804, at *3 (D. Md. Apr. 20, 2020). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

**II.   Reasonable Hourly Rates**

In considering the reasonableness of the proposed hourly rates, the Court primarily considers the fourth, fifth, ninth, and twelfth *Johnson* factors. The reasonable hourly rate requirement is typically met by compensating attorneys at prevailing market rates in the community, "ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). This Court's Local Rules provide presumptively reasonable hourly rates keyed to an attorney's years of experience. *See* D. Md. Local R. App. B.

Plaintiffs were represented throughout this litigation by attorneys Omar Vincent Melehy, Suvita Melehy, and Andrew Balashov of the law firm of Melehy & Associates LLC ("M&A"). They have requested that the Court apply, for each attorney and for the paralegals and legal assistants who assisted on this case, hourly rates exceeding the guideline ranges in the Local Rules. Where Omar Melehy had 36 years of experience when the Motion was filed, his proposed hourly rate of $625 is higher than the applicable Local Rules guideline range of $300 to $475 per hour for attorneys with more than 20 years of experience. Where Suvita Melehy had 27 years of experience, the proposed hourly rate of $575 is also higher than the applicable Local Rules guideline range of $300 to $475. Where Andrew Balashov had 7 years of experience, the proposed hourly rate of $350 is higher than the applicable Local Rules guideline range of $165 to $300. Finally, the proposed hourly rate of $180 for paralegals and paraprofessionals is higher than the applicable Local Rules guideline range of $95 to $150.

Plaintiffs assert that the proposed rates, which are consistent with M&A's current standard billing rates, are reasonable because the Local Rules guideline ranges have not been increased for several years, the rates are equal to or below the market rates for legal professionals who handle comparable cases, they compensate for the delay in payment for services rendered, and they show regard for the fact that the attorneys have substantially more experience than is reflected in the experience ranges set forth in the Local Rules. Plaintiffs have also submitted a declaration from Michal Shinnar, an employment law attorney, who has "direct experience with statutory fee litigation" and is therefore "acquainted with the prevailing market rates for employment attorneys practicing in the locality" in which the case was litigated. Shinnar Decl. ¶ 9, Mot. Attorney's Fees Ex. I, ECF No. 112-10.

Shinnar attests to the reasonableness of the proposed rates. The affidavit of a local attorney "familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" can be sufficient to verify the prevailing market rate. *Robinson, v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009). This declaration, which addresses the second, third, fifth, and ninth *Johnson* factors, provides support for the reasonableness of the hourly rates.

Nevertheless, based on the present record and a consideration of the relevant *Johnson* factors, the Court finds that the legal work conducted here was not particularly novel or complex, and it did not require skill beyond the typical case. Under these circumstances, the Court will not approve hourly rates above those contemplated by the Local Rules. Indeed, where these rates have been consistently published in the Local Rules, application of hourly rates within the guideline ranges is consistent with the sixth *Johnson* factor, the attorneys' expectations at the outset of the litigation.

At the same time, where the Court has not recently adjusted these rates for inflation, and where the rates are lower than the standard billing rates for Plaintiffs' counsel, the Court finds that the reasonable hourly rates are those at the high end of the guideline ranges set forth in the Local Rules. For the same reasons, the Court finds that the reasonable hourly rates for paralegals and paraprofessional staff are those at the high end of the guideline ranges set forth in the Local Rules. The Court will therefore award fees based on the following hourly rates:

**Table: Revised Rates**

| Name | Years | Requested Rate | Guideline Range | Revised Rate |
|---|---|---|---|---|
| Omar Melehy | 34 | $625 | $300–475 | $475 |
| Suvita Melehy | 27 | $575 | $300–475 | $475 |
| Andrew Balashov | 7 | $350 | $165–300 | $300 |
| Paralegals and Paraprofessionals | n/a | $180 | $95–150 | $150 |

### III.  Reasonable Hours

In the determination of the number of hours to be used in the lodestar calculation, hours "that are excessive, redundant, or otherwise unnecessary" should be excluded. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1982); *Doe v. Kidd*, 656 F. App'x 643, 656 (4th Cir. 2016). A prevailing party is expected to exercise appropriate "billing judgment" in calculating the hours for which compensation is sought. *Hensley*, 461 U.S. at 434. Where it does not, a district court may make appropriate reductions for excessiveness. *See, e.g., Doe*, 656 F. App'x at 656 (upholding the district court's 25 percent reduction of the lead attorney's hours for excessiveness); *see also Trimper v. City of Norfolk*, 58 F.3d 68, 76–77 (4th Cir. 1995) (finding that a district court may reduce the number of hours billed in evaluating a motion for attorney's fees where there was overstaffing of attorneys).

Plaintiffs have provided charts reflecting actual hours worked by their attorneys, paralegals, and paraprofessional staff, with descriptions of the specific tasks performed. *See* Supp. Mot. Attorney's Fees Ex. 1, ECF No. 163-1. They have also organized the hours by litigation phase, as required by the Local Rules, and in some circumstances they have added subcategories. *See id.*; D. Md. Local R. App. B.1. This case spanned approximately three years and included, among other categories of work, factual development, case management, written discovery, deposition preparation, damages calculations, settlement negotiations, trial preparation, trial attendance, and the fee petition. In considering the submitted charts, the Court finds that the tasks performed by the attorneys and paralegals were generally reasonable under the circumstances of this case.

In objecting to the reasonableness of the specific hours billed, Defendants argue that many of the tasks for which Plaintiffs seek attorney's fees were unnecessary, clerical, duplicative, not

pertinent to the material that was used at trial, or gratuitous given the straightforward nature of the case. To some degree, these objections overlap with one another, and together, they implicate the first, second, and third *Johnson* factors. The Court agrees in part with some of Defendants' arguments.

Plaintiffs propose that the Court include in the lodestar calculation 1,132 hours of work, which they assert includes "voluntary reductions" from the 1,423.7 hours that their attorneys actually expended on this case. Mot. Att'y Fees at 9, ECF No. 112-1; Mot. Att'y Fees Ex. A at 1, ECF No. 112-2. More specifically, they assert that they voluntarily excluded hours incurred when two or more attorneys met together or both attended a hearing other than the pre-trial conference and the trial, and that they made several "categorical reductions" to the amounts billed within the categories of Discovery (15%), Trial Preparation (20%), Trial Attendance (20%), Fee Petition Preparation (20%), and the Fee Petition Reply (50%). Mot. Att'y Fees Ex. A at 1; Reply Supp. Mot. Att'y Fees at 2, ECF No. 199. They contend that these reductions are sufficient to render the total number of hours, and in turn the attorney's fees, reasonable.

The Court acknowledges that Plaintiffs have made a meaningful effort to evaluate the reasonableness of the hours for which they seek compensation. Nevertheless, the Court finds that the Plaintiffs' voluntary reductions, which largely correspond to the elimination of entries for clerical or duplicative work that should necessarily be excluded, are insufficient. First, the hours expended by paralegals acting as interpreters are problematic because interpreter services are to be charged as costs, not attorney's fees. 28 U.S.C. § 1920(6) (2018); *see Orellana v. ACL Cleaning, LLC*, No. DKC-19-2318, 2022 WL 3586513, at *3 (D. Md. Aug. 22, 2022); *Carrera v. EMD Sales, Inc.*, No. JKB-17-3066, 2021 WL 3856287, at *10 (D. Md. Aug. 26, 2021). Including such work by paralegals at a paralegal's hourly rate as part of an attorney's fee award is improper because fees for paralegal work are "only recoverable to the extent they reflect tasks traditionally

performed by an attorney and for which the attorney would customarily charge the client." *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002). Nevertheless, the Court recognizes that these services were essential to counsel's effective litigation of this case and could be included as costs, so the Court will allow for their reimbursement but only at the lower rate $100 per hour, which is generally equivalent to the hourly rate that it would permit the party to charge if submitted as a cost for third-party, pre-trial interpretation services.

Second, the Court finds that the proposed 328.4 hours of work on discovery, even with the 15 percent reduction, is more than what is reasonable, particularly in light of the limited number of witnesses and documents actually used at trial. For example, Plaintiffs ultimately took the depositions of only three witnesses, two of whom were the individual Defendants. Although Plaintiffs intended to depose an additional six witnesses, they did not ultimately do so because those witnesses either could not be served or did not appear in response to a subpoena. Even allowing for some preparation time for depositions of those who did not appear as required, the Court finds that the amount of hours charged for work associated with deposition preparation for these additional witnesses, none of whom ultimately became trial witnesses, was more than necessary. Accordingly, the Court finds that a fee reduction beyond 15 percent is warranted and will therefore adjust the categorical fee reduction to 25 percent.

Third, the Court similarly finds that the 254.3 hours of trial preparation, or over six full work weeks of attorney time, even when subjected to the 20 percent voluntary reduction, were not commensurate with the level of complexity of the case. The bench trial was for a typical wage-and-hour case and lasted less than five days, and this was not a case in which there was a novel issue of law or a need for more than the typical amount of trial preparation. With a bench trial, there was no need for the expenditure of time on drafting proposed voir dire questions or jury

instructions or preparing for jury selection. The limited defense, as reflected by the fact that Defendants called only three witnesses other than the individual Defendants, also reduced the number of hours needed for trial preparation. Especially given the attorneys' familiarity with the practice area, the Court concludes that the number of hours charged are more than what is reasonable. Accordingly, in the category of trial preparation, the Court will adjust the categorical reduction to 30 percent.

Fourth, as to trial attendance, Plaintiffs have charged for the attendance of M&A's two most senior attorneys and one paralegal. Although the Court does not agree with Defendants' assertion that the case should have been litigated by a lower-cost attorney at the firm, it agrees that billing in full for the attendance and travel time of two attorneys and a paralegal was unwarranted. The Local Rules instruct that the question of whether to compensate a prevailing party for the attendance of more than one attorney at trial depends upon "the complexity of the case and the role that each lawyer is playing." D. Md. Local R. App. B.2(c) n.*. Here, the case was straightforward, presented no novel issues of law, had a limited number of testifying witnesses, and was defended by only a single attorney. While it may have been the preference of Plaintiffs' counsel to divide trial responsibilities between two attorneys, the Court does not find that, under the circumstances, it is reasonable to include the second attorney's trial and travel time in the fee award. Similarly, Plaintiffs' decision to task a paralegal with exhibit responsibilities during trial was a matter of preference rather than one of litigation necessity, particularly where defense counsel had no paralegal assistance. The Court will therefore adjust the hours for trial attendance to include those worked by only one attorney and half of those worked by the attending paralegal.

Finally, the Court will adjust from 20 percent to 50 percent the categorical reduction applied to the original fee petition category. The submitted records reflect that, prior to any

categorical reductions, Plaintiffs' counsel spent 116.2 hours on the attorney's fee petition. Where the 116.2 hours represents nearly the same amount of time recorded for trial attendance, the Court finds that this number exceeds reasonableness. The Court concludes that for both fee petition categories, the number of hours will be subjected to a 50 percent categorical reduction.

With the Court's revisions to the hourly rates and the number of hours reasonably expended, the revised lodestar calculation of attorney's fees is $257,100.75.

## IV. Adjustments to the Lodestar Amount

After calculating the lodestar amount, the Court must then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones" and then award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *McAfee*, 738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244). When calculating a reasonable fee award, "the most critical factor" is "the degree of success obtained." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Hensley*, 461 U.S. at 436). Although a reduction is not inevitable when there is a disparity between the amount a party sought and the amount it recovered, in its efforts to quantify success, the court "must compare the amount of the damages sought to the amount awarded." *Mercer v. Duke Univ.*, 401 F.3d 199, 204 (4th Cir. 2005).

Here, Plaintiffs requested a combined total of $111,946.72 in damages and were awarded a total amount of $66,991.64, or approximately 60 percent of the amount sought. Although Plaintiffs succeeded in establishing liability on both the FLSA and MWHL claims, the Court did not agree with them on their calculation of the hours worked and, in fact, made determinations about their work schedules that did not credit all of the assertions of Plaintiffs and resulted in a substantially lower recovery. Thus, where Plaintiffs achieved a moderately successful outcome but not a complete victory, the Court will reduce the lodestar amount by 35 percent. With that

deduction, the Court will award $167,115.49 in reasonable attorney's fees. *See Fox*, 563 U.S. at 838 (stating that the "essential goal" of the attorney's fee calculation is to achieve "rough justice, not to achieve auditing perfection").

V.   **Costs**

Plaintiffs request a total of $40,300.44 in litigation expenses, which include the filing fee, costs of service, legal research database charges, photocopies, postage, witness fees, court reporter and transcript fees, interpreter costs, travel costs, and meal expenses. The FLSA and MWHL both provide for a prevailing plaintiff to be paid "costs" of the action by the defendant. 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. § 3–427(d)(1)(iii).

Upon review of the submitted costs, the Court has identified several expenses that it does not consider to be reasonable litigation expenses and will therefore make deductions from the total costs awarded to Plaintiffs. Because the Court concludes that meals are not a litigation expense in any manner, it will deduct $477.53 in charges for meal deliveries during trial. The same is true of the expenses for a Wireless Internet Hotspot ($317.99) and for "Rough Draft Transcripts" of the first four days of trial ($2,199.05). In this Court, the needs of counsel to use the internet during trial are routinely met by using the free internet service available to attorneys. Similarly, while convenient, contemporaneous transcripts of court proceedings are not a necessary litigation expense reasonably included in the fee award. Finally, the Court will also deduct $71.50 in mileage consistent with the Court's previous determination relating to the number of individuals whose trial attendance is properly subject to the fee award. *See supra* part III. Finally, the Court will reduce the amount of reimbursable photocopying costs. Beyond that which was necessary to create the exhibit binders requested by the Court, the photocopying included approximately $3,000 in costs associated with the production of paper documents to defense counsel, which included

11

large volumes of documents that were not actually needed at trial and which defense counsel had not sought. While some of those copying costs were reasonable, for similar reasons, some of the copying costs associated with deposition preparation were also more than necessary. The Court will therefore reduce the photocopying cost amount by $3,000.

Finally, where Plaintiffs have stated that they seek reimbursement for parking fees charged at the United States Courthouse in Greenbelt, Maryland, O. Melehy Decl. ¶ 43, Mot. Attorney's Fees Ex. B, ECF No. 112-3, the Court rejects that claim as frivolous because there are no parking fees charged at the courthouse. Though parking does not appear to be included as a specific line item, to the extent that such charges are included within other charges, Plaintiffs must identify them so they can be removed from the cost award.

With these deductions, the Court will award the remaining $34,234.37 in reasonable litigation expenses.

## CONCLUSION

For the foregoing reasons, the Motion for Attorney's Fees and Costs, ECF No. 112, will be GRANTED IN PART and DENIED IN PART. The Motion will be granted in that the Court will award $167,115.49 in attorney's fees and $34,234.37 in costs. It will be otherwise denied. A separate Order shall issue.

Date: November 28, 2023

THEODORE D. CHUANG
United States District Judge